### 66988. GEORGIA CASUALTY & SURETY COMPANY v. SANDERS.

DEEN, Presiding Judge.

On February 28, 1981, Sanders, driving a 1975 Ford F700 truck owned by Timberman, Inc., collided with a truck owned by Boyd Fortson. Fortson subsequently filed suit against Sanders for damages to his truck, and notice was given to Georgia Casualty and Surety Company to defend and cover any loss, under a motor vehicle liability insurance policy issued to Lloyd Duffell, an employee of Timberman, Inc. Georgia Casualty brought this action seeking declaratory judgment that it was not liable under the policy in question. The trial court denied Georgia Casualty's motion for summary judgment, from which Georgia Casualty appeals.

For several years prior to the accident, Lloyd Duffell had been the named insured in a motor vehicle liability insurance policy issued by the appellant, although Timberman, Inc., actually owned the vehicles listed on the policy and paid the premiums. The policy contained a typical automatic coverage clause which provided that "an auto you acquire will be a covered auto for that coverage only if: (a) We already insure all autos that you own for that coverage or it replaces an auto you previously owned that had that coverage; and (b) You tell us within 30 days after you acquire it that you want us to insure it for that coverage." At the time of the accident, the policy, which had been renewed in January 1981, listed 3 vehicles; a 1977 Ford F750 truck; a 1974 Ford F600 truck; and a 1970 Ford 3/4 ton van. Approximately one and one half years earlier, however, Duffell and Timberman, Inc., had sold the 1974 Ford F600 truck and purchased the 1975 Ford F700 truck in its place. The fact that the policy had never been amended had not been discovered until the accident.

In moving for summary judgment, the appellant contended that the policy provided no coverage for the 1975 Ford F700 truck because the change of vehicles had never been reported. Neither the appellant, the local insurance agent, nor Duffell and Timberman, Inc., had any record of the required notice having been given to the appellant. However, the corporate secretary of Timberman, Inc., who was in charge of maintaining the company's insurance policies, explained that while she had no specific memory of having contacted the appellant's local agent about the change, she believed that she had because the company frequently replaced vehicles and her standard procedure had been to report such changes immediately to the insurer by telephone. *Held:*

The trial court denied the appellant's motion for summary

judgment on the grounds that material factual issues existed over the ownership of the insurance policy and over who actually had the duty to report any changes and to inspect the policy. We find none of those factors material to the disposition of this case.

An insured has the duty to examine his policy of insurance and reject or correct the policy, if necessary, within a reasonable time. *Ga. Mut. Ins. Co. v. Meadors,* 138 Ga. App. 486 (226 SE2d 318) (1976); *Wilson Marine Sales &c. v. Fireman's Fund Ins. Co.,* 133 Ga. App. 220 (211 SE2d 145) (1974); *Parris & Son v. Campbell,* 128 Ga. App. 165 (196 SE2d 334) (1973). Resolution of this case did not require determining which of Duffell or Timberman, Inc., was the owner of the policy, or which had the duty to report changes and inspect the policy. It was undisputed that neither Duffell nor anyone else connected with Timberman, Inc., inspected the policy from the time of the acquisition of the 1975 Ford F700 truck until after the collision occurred; it was also uncontradicted that the policy had been renewed twice during that period of time, the most recent renewal having been completed only approximately one month before the collision. Assuming, *arguendo,* that timely notice of the change of vehicles was given as required, the failure to inspect the policy (by whoever had that duty) resulted in the lack of coverage of the after-acquired truck and entitled the appellant to summary judgment. *Ga. Mut. Ins. Co. v. Meadors,* supra; see also *Hart v. Waldo,* 117 Ga. 590 (43 SE 998) (1903) (Candler, J., concurring).

*Judgment reversed. Banke and Carley, JJ., concur.*

DECIDED OCTOBER 13, 1983.

*David E. Barrett,* for appellant.

*Samuel A. Fowler, Jr., Rodger E. Davison, John O. Bouwsma,* for appellee.