**Debora PRIBBLE and Heather Pribble, Appellants (Defendants),**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee (Plaintiff).**

No. 95–254.

Supreme Court of Wyoming.

Feb. 28, 1997.

Rehearing Denied March 31, 1997.

John E. Stanfield and Bruce B. Waters of Smith, Stanfield & Scott, Laramie, for Appellants.

Julie Nye Tiedeken, Cheyenne, for Appellee.

Before TAYLOR, C.J.,* and THOMAS, MACY, and LEHMAN, JJ., and KAUTZ, District Judge.

KAUTZ, District Judge.

Appellee, State Farm Mutual Automobile Insurance Company (State Farm), sought declaratory relief that the "household exclusion" portion of the liability insurance policy it sold to Mr. and Mrs. Pribble applied to a claim of Heather Pribble against her mother, Debora Pribble. The district court granted summary judgment in favor of State Farm and this appeal resulted. In this decision, we review the "household exclusion" provision in appellants' liability insurance policy, and consider several collateral concerns raised by appellants.

## I. ISSUES

Appellants, Debora Pribble and Heather Pribble (the Pribbles), list nine "issues" in

* Chief Justice effective 7/1/96.

this appeal.[1] Those lengthy issue statements, also containing argument, are not set out herein but are summarized as follows:

1. Is the "household exclusion" clause in the Pribbles' liability insurance policy vague and ambiguous?

2. Is the "household exclusion" clause in the Pribbles' liability insurance policy contrary to public policy?

3. Should the doctrine of reasonable expectations be applied?

4. Did State Farm lawfully seek declaratory relief?

5. Are the Pribbles entitled to attorney's fees?

## II. FACTS

### A. INSURANCE POLICY

The facts applicable to the summary judgment in this case are undisputed. Jerry and Debora Pribble bought automobile liability insurance from State Farm. They renewed that coverage and received a "Declarations Page" for each policy period. The Declarations Page generally appeared as follows:

DECLARATIONS PAGE

\* \* \*

NAMED INSURED

\* \* \*

POLICY NUMBER \* \* \*

POLICY PERIOD \* \* \*   TO \* \* \*

\* \* \*

| DESCRIBED VEHICLE | YEAR | MAKE | MODEL | BODY STYLE | VEHICLE IDENTIFICATION NUMBER | CLASS |
|---|---|---|---|---|---|---|
| | \* \* \* | | | | | |

COVERAGES (AS DEFINED IN POLICY)
SYMBOL-PREMIUM-COVERAGE NAME–LIMITS OF LIABILITY

| | | |
|---|---|---|
| A | $ 47.26 | BODILY INJURY/PROPERTY DAMAGE LIABILITY |

LIMITS OF LIABILITY–COVERAGE A–BODILY INJURY
EACH PERSON,          EACH ACCIDENT
100,000                     300,000

[OTHER COVERAGE INFORMATION]

THIS IS YOUR DECLARATIONS PAGE.
PLEASE ATTACH IT TO YOUR AUTO POLICY BOOKLET.

YOUR POLICY CONSISTS OF THIS PAGE, ANY ENDORSEMENTS, AND THE POLICY BOOKLET, FORM          PLEASE KEEP TOGETHER

The "household exclusion" portion of the insurance policy states, in pertinent part:

**When Coverage A Does Not Apply**

\*   \*   \*   \*   \*   \*

THERE IS NO COVERAGE:

\*   \*   \*   \*   \*   \*

2.   FOR ANY *BODILY INJURY* TO:

\*   \*   \*   \*   \*   \*

1. The Pribbles' issues are not set out individually in this decision. They contain substantial argument and are not helpful in understanding or identifying the matters which must be considered to resolve this appeal. An example of those "issues" is:

Should an insurance carrier which promises unrestricted liability coverage of $100,000/ $300,000 on the Declaration Sheet be allowed to reduce that coverage to $25,000 without ever using that term or numbers and without any warning of the reduction on the Declaration Sheet or under the portion of the policy dealing with and where the purported policy limit reduction provision is contained in an exclusion section and specifies no amounts and merely attempts to reduce coverage to "the limits of liability required by law"?

c. ANY *INSURED* OR ANY MEMBER OF AN *INSURED'S* HOUSEHOLD TO THE EXTENT THE LIMITS OF LIABILITY OF THIS POLICY EXCEED THE LIMITS OF LIABILITY REQUIRED BY LAW.

(Emphasis in original.)

### B. ACCIDENT AND CLAIM

On July 8, 1991, Debora Pribble was driving a family vehicle covered by the State Farm liability insurance policy. She ran a stop sign and another vehicle collided with hers. Debora Pribble's daughter, Heather, was a passenger in her mother's car and was injured in the accident. Heather Pribble was a "member of an insured's household" under the terms of the Pribble's insurance policy.

Heather Pribble made a claim against her mother for the injuries she suffered in the accident. That claim was referred to State Farm who offered to pay what it believed was the limit of its coverage—$25,000.00. State Farm based this position on the household exclusion found in the policy booklet. The Pribbles, on the other hand, argued the limit of insurance coverage was $100,000.00, based on the Declarations Page. When the Pribbles disagreed with State Farm over the amount of coverage, State Farm filed a suit seeking a declaratory judgment about the extent of coverage under the insurance policy.

### III. STANDARD OF REVIEW

The Pribbles claim that the district court should not have granted summary judgment. Summary judgments are affirmed if there are no issues of material fact and the moving party is entitled to prevail on those undisputed facts as a matter of law. *Lincoln v. Wackenhut Corp.*, 867 P.2d 701, 702 (Wyo. 1994). Here, the material facts are undisputed. This appeal, then, reviews only the district court's determination that the undisputed facts mandate a judgment in favor of State Farm. No deference is given to the district court's conclusions of law. *Martin v. Farmers Ins. Exchange*, 894 P.2d 618, 620 (Wyo.1995).

In granting summary judgment, the district court necessarily held as a matter of law that (1) the "household exclusion" in the Pribble's insurance policy was not ambiguous; (2) the "household exclusion" provision did not violate public policy; (3) the doctrine of reasonable expectations did not apply; (4) State Farm was entitled to utilize declaratory relief; and (5) the Pribbles were not entitled to attorney's fees.

### IV. DISCUSSION

### A. IS THE "HOUSEHOLD EXCLUSION" CLAUSE IN THE PRIBBLES' INSURANCE POLICY CONTRARY TO PUBLIC POLICY?

The Pribbles argue that the "household exclusion" clause in their insurance policy is part of a "ploy" against the public which this court should prohibit. They ask this court to invalidate the "household exclusion" clause because "[t]he legislative and executive branches * * * have failed" to do so. This argument amounts to a claim that the "household exclusion" clause is contrary to public policy.

■ Insurance policies are contracts. Those contracts may include whatever terms the parties want, so long as statutes or public policy are not violated. *Allstate Ins. Co. v. Wyoming Ins. Dept.*, 672 P.2d 810, 816 (Wyo. 1983).

■ Wyoming statutes require every driver to have a minimum amount of liability insurance coverage. Wyo. Stat. § 31-4-103(a) (1994). Liability insurance policies must provide at least that much coverage, even for claims made by members of the insured's household. *Allstate Ins. Co.*, 672 P.2d at 814–15. The Pribbles' insurance policy met this requirement of public policy. The "household exclusion" clause reduces liability coverage to the "limits of liability required by law," but not below.

Public policy may be found in case precedent as well as in statutes. "The vast majority of cases * * * have held that household exclusions or analogous exclusions are enforceable with respect to policy amounts in excess of the statutory minimum * * *." *State Farm Mut. Auto. Ins. Co. v. Mastbaum*, 748 P.2d 1042, 1043 (Utah 1987).

■ Wyoming case precedent is against the Pribbles' argument. Wyoming recognizes that a "policy containing a household exclusionary clause * * * is void *to the extent of the minimum coverage contemplated by law,* since the exclusion is in violation of * * * public policy * * *." *Allstate Ins. Co.,* 672 P.2d at 823 (emphasis added). In other words, *Allstate Ins. Co.* establishes that household exclusionary clauses may reduce coverage to the statutory minimum. This court upheld a household exemption clause similar to the one here in *Martin,* 894 P.2d 618. We held that "neither stated statutory public policy nor persuasive precedent afford us sufficient license to disregard the clear terms of the contract for insurance * * *" where the household exclusion provides for the statutory minimum coverage. *Id.* at 621.

We reaffirm our decision in *Martin* and hold that the "household exclusion" clause in the Pribbles' insurance policy does not violate public policy in Wyoming.

### B. IS THE "HOUSEHOLD EXCLUSION" CLAUSE IN THE PRIBBLES' INSURANCE POLICY VAGUE AND AMBIGUOUS?

■ The Pribbles argue that their insurance policy is ambiguous because the "household exclusion" language is difficult to understand because it refers to "the limits of liability required by law" and because the exclusion does not appear on the Declarations Page. The district court held that the insurance policy is unambiguous, and we agree with the district court's determination.

The issue of ambiguity from a household exclusion question was largely decided in *Martin,* 894 P.2d 618. In *Martin,* we found language similar to the first portion of the exclusion here to be unambiguous. "The Martins had an unambiguous contract with Farmers and cannot reasonably expect benefits in excess of the clear terms of that contract." *Id.* at 622. In *Martin,* we described the contract terms as "clear," and find them to be just as clear in the instant case. *Id.* at 621.

Ambiguity exists where a contract " 'is obscure in its meaning because of indefiniteness of expression or because it contains a double meaning.' " *Id.* at 620 (*quoting Ferguson v.*

*Reed,* 822 P.2d 1287, 1289 (Wyo.1991)). A contract is unambiguous if it can be read with only one interpretation. *Martin,* 894 P.2d at 620.

The "household exclusion" language in the Pribbles' insurance policy is not indefinite, and supports only one interpretation. The "household exclusion" language clearly states: "There is no coverage * * * [f]or any *bodily injury* to * * * any *insured* or any member of an *insured's* household to the extent the limits of liability of this policy exceed the limits of liability required by law." (Emphasis in original.)

This language is clear. The Pribbles do not and cannot offer any logical meaning for this language other than that presented by State Farm. The insurance policy clearly does not cover bodily injury to a member of an insured's household to a certain extent.

The Pribbles argue that the second part of the exclusion—"to the extent the limits of liability of this policy exceed the limits of liability required by law"—is ambiguous because it does not appear on the Declarations Page. We rejected that argument in *Martin,* and do so again.

In *Martin,* we approved an exclusion which did not appear on the declarations page, and found that all parts of the insurance contract require each other for complete meaning. *Martin,* 894 P.2d at 621. The same is true here. The Pribbles' Declarations Page clearly indicates that the policy booklet and the Declarations Page are both part of the insurance contract. The Declarations Page obviously does not include the terms and conditions of the policy booklet. The location of the "household exclusion" in the policy booklet does not create any potential double meaning or ambiguity.

The Pribbles point out that the second portion of the "household exclusion" in their insurance policy is not identical to that in *Martin.* The *Martin* exclusion restricted insurance coverage " 'in excess of the minimum limits of the Wyoming Financial Responsibility Law.' " *Id.* at 619. The Pribbles' insurance policy excludes insurance coverage for claims of household members "to the extent

the limits of liability of this policy exceed the limits of liability required by law."

The Pribbles also claim that the second portion of the exclusion is vague and indefinite because it does not specifically indicate what limits of liability are referred to. We disagree. The term "limits of liability" is used in the Declarations Page to indicate the extent of insurance coverage. That same specific meaning applies to the "household exclusion" clause. In other words, in the context of the whole insurance policy, the term "limits of liability required by law" means extent of insurance coverage required by law.

The exclusionary language in the Pribbles' insurance policy, while more general than the terminology in *Martin,* is not vague or indefinite. In Wyoming, the "limits of liability required by law" are established by Wyo. Stat. §§ 31–9–101 through 31–9–414 (1994).[2] The Pribbles do not suggest that there is some other minimum liability coverage required by law. As in *Martin,* only one logical interpretation of this exclusionary language exists, making the language unambiguous. *Martin,* 894 P.2d at 620.

The Pribbles also claim that their insurance coverage must be ascertainable by reference to the policy documents alone, and without reference to anything outside the policy. They cite *Leibrand v. National Farmers Union Property and Cas. Co.,* 272 Mont. 1, 898 P.2d 1220, 1223 (1995) as support for this proposition and suggest that contract language is void if it requires information from a library or expert for complete understanding. It is a common and necessary practice, however, for contracts to refer to and obtain meaning from other documents. A contract may refer elsewhere for full understanding of its terms, just as it may adopt another document by reference. 17A Am. Jur.2d, *Contracts* § 400 (1991). The Pribbles' "household exclusion" clause is not ambiguous simply because one must refer to the laws of Wyoming for a complete understanding of the extent of that exclusion.

The Pribbles ask this court to hold the "household exclusion" clause void, without any meaning. Each provision of a contract is presumed to have a purpose. "We must avoid construing a contract so as to render one of its provisions meaningless * * *." *Moncrief v. Louisiana Land and Exploration Co.,* 861 P.2d 516, 524 (Wyo.1993). We cannot conclude that this "household exclusion" clause is meaningless.

The "household exclusion" clause in the Pribbles' insurance policy is not ambiguous. It is not indefinite and supports only one logical interpretation. It limits coverage for claims by household members to $25,000.00.

**C. SHOULD THE DOCTRINE OF REASONABLE EXPECTATIONS BE APPLIED?**

The Pribbles argue that even if the "household exclusion" clause were clear and unambiguous, the district court should have permitted a jury to consider the Pribbles' "reasonable expectations" in determining the amount of insurance coverage available.

Where insurance contract terms are clear and unambiguous, the "reasonable expectations" of the contracting parties are irrelevant to contract construction issues. *State ex rel. Farmers Ins. Exchange v. District Court of Ninth Judicial Dist., County of Teton,* 844 P.2d 1099, 1102 (Wyo.1993). "A rule of construction that considers the reasonable expectations of the parties is of no assistance where the policy terms are clear and unambiguous." *St. Paul Fire and Marine Ins. Co. v. Albany County School Dist. No. 1,* 763 P.2d 1255, 1263 (Wyo.1988). We

---

**2.** These statutes generally require drivers involved in accidents or whose licenses have been suspended to be able to show

evidence of ability to respond in damages for liability * * * in the amount of twenty-five thousand dollars ($25,000.00) because of bodily injury to or death of one (1) person in any one (1) accident, and subject to the limit for one (1) person, in the amount of fifty thousand dollars ($50,000.00) because of bodily injury to or death of two (2) or more persons in any one

(1) accident, and in the amount of twenty thousand dollars ($20,000.00) because of injury to or destruction of property of others in any one (1) accident[.]

Wyo. Stat. § 31–9–102(a)(xi). The evidence may be in the form of an insurance policy, a bond, or self-insurance.

Wyo. Stat. § 31–4–103 prohibits driving without an insurance policy or bond in these amounts.

hold that the contract terms here are clear and unambiguous, and rules of construction such as the doctrine of reasonable expectations are inapplicable.

**D. DID STATE FARM LAWFULLY SEEK DECLARATORY RELIEF?**

**E. ARE THE PRIBBLES ENTITLED TO ATTORNEY'S FEES?**

The Pribbles argue that State Farm, an insurance company, should not be able to seek declaratory judgment about the extent or application of its insurance coverage. The Pribbles fail to cite any case authority or cogent argument in support of this proposition. They assert that because insurance companies have greater economic ability than their insureds, this court should require an insurance company to pay defense attorney's fees when bringing such a declaratory relief action.

■ We do not consider these arguments because they are wholly without support. We note that Wyo. Stat. § 1–37–103 (1988) specifically provides for declaratory relief actions to be initiated for the purpose of construing contract provisions. Wyoming consistently follows the rule that attorney's fees are not recoverable unless provided for by statute, rule or contract. *State Sur. Co. v. Lamb Const. Co.*, 625 P.2d 184, 198 (Wyo. 1981).

## V. CONCLUSION

The "household exclusion" provision in the Pribbles' insurance policy is plain and unambiguous and is not contrary to public policy. It is inappropriate to utilize rules of contract construction such as "reasonable expectations" because the insurance contract is unambiguous. State Farm properly sought declaratory judgment, and the Pribbles are not entitled to attorney's fees. The decision of the district court is affirmed in all respects.