F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**June 7, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

NAUTILUS INSURANCE
COMPANY,

      Plaintiff-Appellee,

v.

OUR CAMP INC., a Wyoming
corporation,

      Defendant,

MICHAEL MACCONNELL,

      Defendant-Appellant.

No. 03-8091
(D.C. No. 02-CV-156-D)
(Wyoming)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, **HENRY**, and **LUCERO,** Circuit Judges.

Defendants Michael MacConnell and Our Camp, Inc. appeal a grant of
summary judgment to Nautilus Insurance Company on whether Nautilus has a
duty under Wyoming law to defend or indemnify its insured, Our Camp, in an
underlying lawsuit brought by Michael. We affirm.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

We review a grant of summary judgment *de novo* and apply the same legal standard as the district court. *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). In applying this standard, "we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." *Simms*, 165 F.3d at 1326.

The insurance policy issued to Our Camp provides coverage for certain bodily injury, personal injury, and medical payments, but excludes coverage related to abuse or molestation:

> This insurance does not apply to "bodily injury," "personal injury" or medical payments arising out of:
> (1) The actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured; or
> (2) The negligent:
>     (a) employment;
>     (b) investigation;
>     (c) supervision;
>     (d) reporting to the proper authorities, or failure to so report; or
>     (e) retention;
> of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by (a) above.

App., vol. I at 182.

In the underlying lawsuit, Michael sued Our Camp claiming he was subjected to sexual acts by a co-camper in July 1993 when he was ten years old and attending Our Camp's one-week summer camp for mentally or physically disabled youth. He alleged, in part, that Our Camp was negligent in supervising and training camp counselors, supervising the young campers, and failing to disclose to his parents what had occurred. He asserted that "[a]s a result of these incidents and the fact that they went untreated, [he] suffered extreme emotional harm, humiliation and bodily injury." *Id.* at 51.

Defendants contend the district court erred in concluding that the policy exclusion for abuse or molestation was incorporated into the policy because the exclusion was not "clearly indicated" on the declarations page. They argue that the number of the exclusion, "CG 21 46 01 87," should have been stated specifically on the declarations page. The district court held instead that the exclusion was incorporated because it is located within an endorsement numbered "S 051," and the S 051 endorsement is referenced on the declarations page.

The cases defendants rely on, *Pribble v. State Farm Mut. Auto. Co.*, 933 P.2d 1108, 1112 (Wyo. 1997), and *Essex Ins. Co. v. The Fieldhouse, Inc.*, 506 N.W.2d 772 (Iowa 1993), do not mandate the result they urge. The courts in *Pribble* and *Essex*, in fact, approved exclusions that were not specifically listed on declarations pages but were instead contained in larger documents that, in turn,

were referenced on the pages.  *Pribble*, 933 P.2d at 1112 (exclusion contained in policy booklet; policy booklet referenced on declarations page); *Essex*, 506 N.W.2d at 777 (exclusion set forth in endorsement; endorsement clearly referenced on declarations page).  We agree with the district court that the abuse or molestation exclusion was properly incorporated through its inclusion in the S 051 endorsement, which in turn was referenced on the declaration page.[1]

Defendants also contend the special events endorsement, which does not include an abuse and molestation exclusion, supercedes conflicting terms in the policy.  They cite to *Capitol Indem. Corp. v. Especially for Children, Inc.*, 2002 WL 31002849, at *8 (D. Minn. Aug. 29, 2002), where a conflict between an endorsement and the policy was found and the endorsement was determined to govern.  Here, the district court noted that the special events endorsement contains " 'additional exclusions' to 'COVERAGES A, B and C,' and specifically

---

[1]It is undisputed that the S 051 endorsement was physically attached to the policy.  Nautilus Insurance directs us to the principle that although "[g]enerally, an endorsement will be referenced in the policy declarations," "[t]o be effective the endorsement must be attached to the policy."  ERIC MILLS HOLMES, HOLMES' APPLEMAN ON INSURANCE 2D, §20.1 at 153 (1998).  The exclusion's physical attachment to the policy further supports a conclusion that the exclusion is effective.

Defendants note for the first time in their reply brief that a table at the top of the S 051 endorsement was left blank, creating a lack of clarity about whether the endorsement is incorporated into the policy.  Issues not raised in the opening appellate brief, however, are considered waived.  *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994) (citations omitted).

-4-

states 'All other Terms and Conditions of this Policy remain unchanged.'" App., vol. II at 502. We agree that the express terms of the special events endorsement give it an additive, not preclusive, effect, and present no terms that conflict with the abuse or molestation exclusion.

Defendants argue the district court further erred in ruling that any negligence of Our Camp arose out of the abuse of Michael and coverage was therefore excluded. Defendants claim Michael's bodily injuries may properly be characterized as arising out of Our Camp's negligence, not the actions of the abuser. In the alternative, defendants argue that even if Our Camp's negligence was a *concurrent* cause of Michael's injuries, the negligence claims should be covered. Finally, they contend Michael's injuries were exacerbated, or that he suffered additional injury, because Our Camp concealed the sexual incidents and failed to disclose to his parents what had occurred.

The express language of the exclusion is worded broadly: "This insurance does not apply to 'bodily injury,' 'personal injury' or medical payments arising out of: (1) The actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured . . . ." App., vol. I at 182. "The parties to an insurance contract, like any other contract, are free to incorporate therein whatever lawful terms they desire, and the courts are not at liberty to rewrite the policy under the guise of judicial construction."

*Worthington v. State*, 598 P.2d 796, 806 (Wyo. 1979). In *Worthington*, the court analyzed an automobile insurance contract containing the phrase "arising out of . . . use" of a car, and characterized the words as "broad, general and comprehensive terms . . . understood to mean originating from, growing out of or flowing from the use." *Id.* at 807. The court cautioned that the language did not require "direct and proximate causation in the strict legal sense or as would arise in tort cases, but only that the injury or loss arose out of use." *Id.* The court ruled that "[i]n determining whether an injury arose out of use, the evidence must demonstrate that it was the natural and reasonable incident or consequence of the use . . . , the causal connection being reasonably apparent." *Id.*; *see also Marathon Ashland Pipe Line LLC v. Maryland Cas. Co.*, 243 F.3d 1232, 1239 (10th Cir. 2001) ("Under Wyoming law, 'arising out of' language as used in insurance contracts carries a 'natural consequence' level of causation"). Language of an insurance contract should not be "tortured" to create an ambiguity. *Gainsco Ins. Co. v. Amoco Prod. Co.*, 53 P.3d 1051, 1056 (Wyo. 2002).

Applying these principles to the language of the exclusion, we agree with the district court that Michael's alleged injuries

> clearly originated from, grew out of or flowed from the alleged abuse and molestation. The exclusion at issue unambiguously excludes coverage for all types of negligent conduct arising out of the abuse or molestation by anyone of any person while in the care, custody or control of any insured.

App., vol II. at 474. To conclude otherwise would torture the plain language of

the parties' agreement. Indeed, Michael himself alleged in the underlying lawsuit that he was subjected to sexual acts and that "as a result of these incidents and the fact that they went untreated," he "suffered extreme emotional harm, humiliation and bodily injury." App., vol. I at 198. His allegations clearly link the abuse to his injuries. Our conclusion that his negligence claims are excluded is supported by the analysis in *Harper v. Gulf Ins. Co.*, 2002 U.S. Dist. LEXIS 24492 (D. Wyo. Dec. 20, 2002). There, *id.* at *30, the court reviewed the same abuse or molestation exclusion and held:

> It is impossible for [the insurance company] to anticipate every claim that creative counsel will craft in order to draft a complaint that will trigger coverage . . . . Here, the abuse or molestation clause makes it crystal clear that no coverage is provided to employers for their negligence relating to any abuse or molestation.

Defendants rely on *St. Paul Fire & Marine Ins. Co. v. Schrum*, 149 F.3d 878 (8th Cir. 1998), in urging us to conclude the negligence claims are covered. The court in *Schrum*, applying Missouri law, examined an exclusion of injury or damage "arising out of any sexual act, including but not limited to molestation, incest or rape." *Id.* at 880. It concluded that negligence claims against homeowners, with whom two children were residing when they were sexually abused, were not precluded because they asserted separate causes of the children's injuries. *See id.* at 880-81. We are not persuaded. Even if a tort analysis might indicate separate or concurrent causes of Michael's injuries, we

must view the causes in this insurance contract dispute as "originating from, growing out of or flowing from" the abuse that occurred. *Worthington*, 598 P.2d at 807. *See also Houg v. State Farm Fire & Cas. Co.*, 509 N.W.2d 590, 593 (Minn. Ct. App. 1993) (holding "claims against [church] for respondeat superior, negligent employment, and negligent supervision arose directly out of the alleged sexual conduct" where parishioner alleged sexual misconduct by pastor and negligence by church.). Moreover, even assuming that Our Camp's actions resulted in additional injury to Michael, the exclusionary language is broadly written and the underlying complaint itself links Michael's injuries to the abuse. Thus, any additional injury in this case "arose out of" the original abuse.[2]

Defendants assert the exclusion by its very terms does not apply to the co-camper who committed the abuse because he is not an insured or agent of the camp. As the district court concluded, however, the plain language of the

_____

[2]Defendants' reliance on *Cox v. Executive Risk Indem. Inc.*, 59 P.3d 721, 726 (Wyo. 2002), is misplaced. Unlike this case, *Cox* involved a household member exclusion, which did not include the "arising out of" language. *Id.* at 727-29. The case does not shed light on the interpretation of the exclusion here.

Defendants also argue there was no abuse or molestation because the co-camper who allegedly committed the abuse could not form an intent to abuse or molest because he was mentally impaired. We disagree. As Nautilus points out, the exclusion at issue here, as well as the common definitions of "abuse" and "molestation," do not require an element of intent. Aple. Br. at 35. Indeed, these terms have been interpreted to include any "unwanted contact of a sexual nature." *See Cmty. Action for Greater Middlesex County, Inc. v. Am. Alliance Ins. Co.*, 757 A.2d 1074, 1082 (Conn. 2000).

-8-

exclusion encompasses the co-camper: "This insurance does not apply to 'bodily injury' . . . arising out of: (1) The actual or threatened abuse or molestation *by anyone* of any person while in the care, custody or control of any insured." App., vol. I at 182 (emphasis added).

Finally, defendants contend the exclusion is ambiguous because the second paragraph lists negligence claims related to "a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by (a) above." App., vol. II at 182. Paragraph (a) does not exist; the two paragraphs in this exclusion are actually numbered "1" and "2." In context, the reference to (a) appears to be a typographical error that does not obscure the meaning of the exclusion by lack of clarity or double meaning. *See Pribble*, 933 P.2d at 1112. It thus does not rise to the level of ambiguity. *Id.*

For the foregoing reasons, we **AFFIRM**.[3]

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

---

[3]Because of our decision today, we deny as moot Nautilus' motion seeking leave to file supplemental briefs.